IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROGUE SATELLITE COMICS, | § | |
| KEVIN BENNETT ATKINSON, and | § | |
| CHRISTOPHER PHILLIP REILLY, | § | Civil Action No. 6:11-cv-00253 |
| | § | LED |
|     Plaintiffs, | § | |
| | § | Judge Leonard Davis |
| v. | § | |
| | § | |
| DREAMWORKS ANIMATION SKG, | § | DEFENDANTS' ANSWER TO |
| INC.; DREAMWORKS ANIMATION, | § | PLAINTIFFS' SECOND |
| LLC; DREAMWORKS, INC.; | § | AMENDED COMPLAINT; AND |
| PARAMOUNT PICTURES CORP.; | § | DEMAND FOR JURY TRIAL |
| PACIFIC DATA IMAGES, INC.; | § | |
| RED HOUR FILMS, INC.; | § | |
| CINEMARK USA, INC.; CARMIKE | § | |
| CINEMAS, INC.; HOLLYWOOD | § | |
| THEATERS, INC.; PREMIERE | § | |
| CINEMA CORPORATION; RAVE | § | |
| CINEMAS, LLC; STARPLEX | § | |
| MASTER HOLDINGS, INC.; TOYS | § | |
| "R" US INC.; TOYSRUS.COM, INC.; | § | |
| TOYSRUS.COM, LLC; GAMESTOP | § | |
| CORP.; HASTINGS | § | |
| ENTERTAINMENT, INC.; PENGUIN | § | |
| GROUP (USA) INC.; APE | § | |
| ENTERTAINMENT, LLC; and | § | |
| AQUAWOOD LLC, | § | |
| | § | |
|     Defendants. | § | |

## <u>DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL</u>

COME NOW Defendants DreamWorks Animation SKG, Inc.; Dreamworks Animation, LLC; Dreamworks, Inc.; Paramount Pictures Corporation (erroneously sued as "Paramount Pictures Corp."); Pacific Data Images, Inc.; Red Hour Films, Inc.; Cinemark USA, Inc.; Carmike Cinemas, Inc.; Hollywood Theaters, Inc.; Premiere Cinema Corporation; Rave Cinemas, LLC; Starplex Master Holdings, Inc.; Toys "R" Us Inc.; Toysrus.com, Inc.; Toysrus.com, LLC; Gamestop Corp.; Hastings Entertainment, Inc.; Penguin Group (USA) Inc.; Ape Entertainment, LLC; and Aquawood LLC (collectively, "Defendants") and answer the Plaintiffs' Second Amended Complaint, and allege as follows:

### <u>Preliminary Statement</u>

The Complaint in this case contravenes Rule 8 of the Federal Rules of Civil Procedure in multiple respects, including in that it improperly mixes factual averments with argument and characterizations, and contains undefined terms which are susceptible to different meanings.   Accordingly, by way of a general response, all allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, or implications which are contained in the averment or in the complaint as a whole.   This objection is incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

In addition, the use of headings in the Complaint is improper, and therefore no response to them is required.   In the event that a response is required, Defendants deny those allegations.

The Complaint also contains purported photographs of various items, and it uses headings to describe these various photographs.   Images of these photographs in the Complaint are of less than optimal quality, making it difficult to evaluate the adequacy of the photographs or their fairness and accuracy in depicting what they purport to represent.   Defendants believe that no response to the photographs is required.   In the event that a response is required, Defendants deny the allegations in or regarding those photographs and images.   The Complaint does not describe the circumstances in which the photographs were taken and Defendants do not admit the authenticity of any photograph or the accuracy or adequacy of any heading describing a photograph, and do not admit any allegation or inference that is based on any photograph or accompanying heading in the Complaint.   Defendants reserve the right to challenge the authenticity of any photograph or image or description thereof in the Complaint.

### Responses

1.     Answering Paragraph 1, Defendants admit the Plaintiffs have filed an action that purports to assert a claim for copyright infringement.   At this time, Defendants lack knowledge or information sufficient to form a belief as to

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL

whether the Plaintiffs have properly registered their claimed copyrights under the Copyright Act, and Defendants therefore deny all remaining allegations in this paragraph.

2.      Answering Paragraph 2, at this time Defendants lack knowledge or information sufficient to form a belief as to whether the Plaintiffs are owners of purported copyrights relating to a comic book character, "Kingfish," and on that basis deny the same.   Defendants deny all remaining allegations in this paragraph.

3.      Answering Paragraph 3, Defendants admit that the Court has subject matter jurisdiction over portions of Plaintiffs' claims under the Copyright Act.   Defendants deny all remaining allegations of this paragraph, and specifically deny that the Court has subject matter jurisdiction over the extra-territorial aspects of Plaintiffs' claims.

4.      Answering Paragraph 4, Defendants admit that the Court has personal jurisdiction over the Defendants.   Defendants deny all remaining allegations in this paragraph.

5.      Answering Paragraph 5, Defendants admit that venue is proper in this Court under 28 U.S.C. Sections 1391 and 1400.   Defendants lack knowledge or information sufficient to form a belief as to where the copyrighted materials were physically drawn or are maintained, and on that basis deny all

allegations regarding the same.   Defendants deny that there has been any direct or indirect infringement of the Plaintiffs' claimed copyrighted works.

6.    Answering Paragraph 6, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and therefore deny the same.

7.    Answering Paragraph 7, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and therefore deny the same.

8.    Answering Paragraph 8, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and therefore deny the same.

9.    Answering Paragraph 9, DreamWorks Animation SKG, Inc., DreamWorks Animation, LLC, and DreamWorks, Inc. (collectively the "DreamWorks Defendants") admit that DreamWorks Animation SKG, Inc. is a Delaware corporation with its principal place of business at 1000 Flower Street, Glendale CA 91201.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal conclusion to which no response should

be required, but DreamWorks Animation SKG, Inc. admits that it has properly been served with the summons and complaint in this action.

10.     Answering Paragraph 10, the DreamWorks Defendants admit that DreamWorks Animation, LLC is a Delaware limited liability company with its principal place of business at 1000 Flower Street, Glendale CA 91201.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal conclusion to which no response should be required, but DreamWorks Animation, LLC admits that it has properly been served with the summons and complaint in this action.

11.     Answering Paragraph 11, the DreamWorks Defendants admit that DreamWorks, Inc. is a Delaware corporation with its principal place of business at 1000 Flower Street, Glendale CA 91201.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal conclusion to which no response should be required, but DreamWorks, Inc. admits that it has properly been served with the summons and complaint in this action.

12.     Answering Paragraph 12, Defendants state that no allegations are made in this paragraph and no response is required.   To the extent a response is required, Defendants deny all allegations therein.

13.     Answering Paragraph 13, Paramount Pictures Corporation ("Paramount") admits that Paramount Pictures Corporation, erroneously sued as "Paramount Pictures Corp.," is a Delaware corporation with its principal place of business at 5555 Melrose Avenue, Hollywood CA 90038.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal conclusion to which no response should be required, but Paramount admits that it has properly been served with the summons and complaint in this action. Defendants deny all the remaining allegations in this paragraph.

14.     Answering Paragraph 14, Pacific Data Images, Inc. ("PDI") admits that Pacific Data Images, Inc. is a California corporation with its principal place of business at 1000 Flower Street, Glendale CA 91201.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal

conclusion to which no response should be required, but PDI admits that it has properly been served with the summons and complaint in this action.

15.     Answering Paragraph 15, Red Hour Films, Inc. ("Red Hour") admits that Red Hour Films, Inc. is a California corporation with its principal place of business at 132 South Rodeo Drive, Beverly Hills CA 90212.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal conclusion to which no response should be required, but Red Hour admits that it has properly been served with the summons and complaint in this action.

16.     Answering Paragraph 16, Defendants state that no allegations are made in this paragraph and no response is required.   To the extent a response is required, Defendants deny all allegations therein.

17.     Answering Paragraph 17, Cinemark USA, Inc. ("Cinemark") admits that Cinemark USA, Inc. is a Texas corporation with its principal place of business at 3900 Dallas Parkway, Suite 500, Plano TX 75093.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal

conclusion to which no response should be required, but Cinemark admits that it has properly been served with the summons and complaint in this action.

18.     Answering Paragraph 18, Carmike Cinemas, Inc. ("Carmike") admits that Carmike Cinemas, Inc. is a Delaware corporation with its principal place of business at 1301 1st Avenue, P.O. Box 391, Columbus GA 31901.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal conclusion to which no response should be required, but Carmike admits that it has properly been served with the summons and complaint in this action. Defendants deny the remaining allegations in this paragraph.

19.     Answering Paragraph 19, Hollywood Theaters, Inc. ("Hollywood Theaters") admits that Hollywood Theaters, Inc. is a Delaware corporation with its principal place of business at 919 SW Taylor Street, #800, Portland OR 97205.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal conclusion to which no response should be required, but Hollywood Theaters admits that it has properly been served with the summons and complaint in this action.

20.     Answering Paragraph 20, Premiere Cinema Corporation ("Premiere") admits that Premiere Cinema Corporation is a Texas corporation with its principal place of business at 109 West 4th Street, Big Spring TX 79720.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal conclusion to which no response should be required, but Premiere admits that it has properly been served with the summons and complaint in this action.

21.     Answering Paragraph 21, Rave Cinemas, LLC ("Rave") admits that Rave Cinemas, LLC is a Delaware limited liability company.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal conclusion to which no response should be required, but Rave admits that it has properly been served with the summons and complaint in this action.   Defendants deny all remaining allegations in this paragraph.

22.     Answering Paragraph 22, Starplex Master Holdings, Inc ("Starplex") admits that Starplex Master Holdings, Inc. is a Texas corporation with its principal place of business at 12400 Coit Road, Suite 800, Texas 75251.   The remaining Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal conclusion to which no response should be required, but Starplex admits that it has properly been served with the summons and complaint in this action.

23.     Answering Paragraph 23, Defendants state that no allegations are made in this paragraph and no response is required.   To the extent a response is required, Defendants deny all allegations therein.

24.     Answering Paragraph 24, Toys"R"Us Inc., Toysrus.com Inc., and Toysrus.com, LLC (collectively the "Toys"R"Us Defendants") admit that Toys"R"Us Inc. is a Delaware corporation with its principal place of business at One Geoffrey Way, Wayne NJ 07470.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal conclusion to which no response should be required, but Toys"R"Us Inc. admits that it has properly been served with the summons and complaint in this action.

25.     Answering Paragraph 25, the Toys"R"Us Defendants state that the entity named in this paragraph, "ToysRUs.com, Inc.," no longer exists and therefore no response is necessary.   To the extent a response is required, the Toys"R"Us Defendants deny the allegations in this paragraph.   The remaining

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.

26.    Answering Paragraph 26, the Toys"R"Us Defendants state that the entity named in this paragraph, "ToysRUs.com, LLC," no longer exists and therefore no response is necessary.   To the extent a response is required, the Toys"R"Us Defendants deny the allegations in this paragraph.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.

27.    Answering Paragraph 27, Defendants state that no allegations are made in this paragraph and no response is required.   To the extent a response is required, Defendants deny all allegations therein.

28.    Answering Paragraph 28, Gamestop Corp. ("Gamestop") admits that Gamestop Corp. is a Delaware corporation with its principal place of business at 625 Westport Parkway, Grapevine TX 76051.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal conclusion to which no response should be required, but Gamestop admits that it has properly been served with the summons and complaint in this action.

29.     Answering Paragraph 29, Hastings Entertainment, Inc. ("Hastings") admits that Hastings Entertainment, Inc. is a Texas corporation with its principal place of business at 3601 Plains Blvd., Amarillo TX 79102.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal conclusion to which no response should be required, but Hastings admits that it has properly been served with the summons and complaint in this action.

30.     Answering Paragraph 30, Defendants state that no allegations are made in this paragraph and no response is required.   To the extent a response is required, Defendants deny all allegations therein.

31.     Answering Paragraph 31, Aquawood LLC ("Aquawood") admits that Aquawood LLC is a California limited liability company with its principal place of business at 2229 Barry Avenue, Los Angeles, California 90064. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal conclusion to which no response should be required, but Aquawood admits that it has properly been served with the summons and complaint in this action.

32.     Answering Paragraph 32, Penguin Group (USA) Inc. ("Penguin") admits that Penguin Group (USA) Inc. is a Delaware corporation with its principal place of business at 375 Hudson Street, New York NY 10036.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal conclusion to which no response should be required, but Penguin admits that it has properly been served with the summons and complaint in this action.

33.     Answering Paragraph 33, Ape Entertainment, LLC ("Ape") admits that Ape Entertainment, LLC is a California limited liability company with its principal place of business at 620 Hansen Way, Palo Alto CA 94304.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   The statement regarding service is an ambiguous statement of a purported legal conclusion to which no response should be required, but Ape admits that it has properly been served with the summons and complaint in this action.

34.     Answering Paragraph 34, Defendants state that no allegations are made in this paragraph and no response is required.   To the extent a response is required, Defendants deny all allegations therein.

35.    Answering Paragraph 35, Defendants admit that Plaintiffs have filed an action asserting a claim alleging copyright infringement.   Defendants deny all remaining allegations in this paragraph, and deny that there has been any infringement.

36.    Answering Paragraph 36, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and therefore deny the same.

37.    Answering Paragraph 37, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

38.    Answering Paragraph 38, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

39.    Answering Paragraph 39, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

40.    Answering Paragraph 40, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

41.     Answering Paragraph 41, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

42.     Answering Paragraph 42, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

43.     Answering Paragraph 43, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

44.     Answering Paragraph 44, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

45.     Answering Paragraph 45, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

46.     Answering Paragraph 46, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

47.     Answering Paragraph 47, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

48.     Answering Paragraph 48, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

49.     Answering Paragraph 49, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

50.     Answering Paragraph 50, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

51.     Answering Paragraph 51, Defendants admit that Plaintiffs claim alleged infringement of the works identified in this Paragraph.   Defendants lack knowledge or information sufficient to form a belief as to the validity of Plaintiffs' registrations.   Defendants deny that there has been any infringement of any of Plaintiffs' works, and deny all remaining allegations of this Paragraph.

52.     Answering Paragraph 52, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

53.     Answering Paragraph 53, Defendants admit that Kingfish appears to be a character in certain comic books bearing the name Rogue Satellite Comics.   The remaining statements in Paragraph 53 are characterizations that require no response; to the extent a response is required, Defendants deny the remaining allegations of Paragraph 53.

54.     Answering Paragraph 54, Defendants state that Plaintiffs' description of the Kingfish comic book character in Paragraph 54 is incomplete and improper because it omits attributes of the Kingfish character and describes other attributes in misleading terms.   Defendants admit that the Kingfish character appears to consist, only in part and in certain depictions of it, of a body with metal sheathing and a head that consists in part of a fish swimming in a fish bowl with a crown on its top.   Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 54, and therefore deny the same.

55.     Answering Paragraph 55, Defendants lack knowledge or information sufficient to form a belief as to the authenticity of the image depicted in this paragraph, and therefore deny all allegations of this paragraph.

56.     Answering Paragraph 56, Defendants admit that Plaintiffs' claim for copyright infringement is limited to alleged infringement of the Kingfish character, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore deny the same.

57.     Answering Paragraph 57, Defendants deny that all aspects of the character and physical appearance of Kingfish are copyrightable.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that all copyrights in the Kingfish character and physical appearance are owned by the Plaintiffs, and therefore deny the same.   Defendants deny all remaining allegations of this paragraph.

58.     Answering Paragraph 58, Defendants state that Plaintiffs' allegations are ambiguous because the term "accessible" is not defined. Defendants deny that the Plaintiffs' copyrighted works were accessible to the Defendants as the term "access" is used in copyright law.   Defendants deny the remaining allegations of this paragraph.

59.     Answering Paragraph 59, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

60.     Answering Paragraph 60, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

61.     Answering Paragraph 61, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL

62.     Answering Paragraph 62, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

63.     Answering Paragraph 63, Defendants state that certain allegations of this paragraph consist of improper characterizations as to which no response is required; to the extent a response is required, such characterizations are denied.   Defendants deny that Slave Labor Graphics is a "popular comic book publisher."   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny the same.

64.     Answering Paragraph 64, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

65.     Answering Paragraph 65, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

66.     Answering Paragraph 66, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

67.     Answering Paragraph 67, Defendants state that certain allegations of this paragraph consist of improper characterizations as to which no

response is required; to the extent a response is required, such characterizations are denied.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny the same.   In addition, Defendants deny that there has been any increased awareness of or access to the Kingfish character.

68.     Answering Paragraph 68, Defendants state that certain allegations of this paragraph consist of improper characterizations as to which no response is required; to the extent a response is required, such characterizations are denied.   Defendants deny that there has been any increased awareness of or access to the Kingfish character.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny the same.

69.     Answering Paragraph 69, Defendants deny that there has been any increased awareness of or access to the Kingfish character.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny the same.

70.     Answering Paragraph 70, Defendants deny that there has been any increased awareness of or access to the Kingfish character.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein, and therefore deny the same.

71.     Answering Paragraph 71, Defendants admit that Will Eisner is the namesake of the Will Eisner Comic Industry Awards and was an inaugural inductee into the Will Eisner Comic Book Hall of Fame, along with Carl Barks and Jack Kirby.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Will Eisner reviewed Rogue Satellite Comics: The Complete Collection, and therefore deny the same.   Defendants deny that there has been any increased awareness of or access to the Kingfish character. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein, and therefore deny the same.

72.     Answering Paragraph 72, Defendants deny that there has been any increased awareness of or access to the Kingfish character.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein, and therefore deny the same.

73.     Answering Paragraph 73, Defendants deny that there has been any increased awareness of or access to the Kingfish character.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein, and therefore deny the same.

74.     Answering Paragraph 74, Defendants deny that there has been any increased awareness of or access to the Kingfish character.   Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein, and therefore deny the same.

75.     Answering Paragraph 75, Defendants deny that there has been any increased awareness of or access to the Kingfish character.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein, and therefore deny the same.

76.     Answering Paragraph 76, Defendants deny that there has been any increased awareness of or access to the Kingfish character.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein, and therefore deny the same.

77.     Answering Paragraph 77, Defendants deny that there has been any increased awareness of or access to the Kingfish character.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein, and therefore deny the same.

78.     Answering Paragraph 78, Defendants deny that there has been any increased awareness of or access to the Kingfish character.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein, and therefore deny the same.

79.     Answering Paragraph 79, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

80.     Answering Paragraph 80, the DreamWorks Defendants and PDI admit that Mr. Heinzen worked on *Megamind* and performed work relating to the Minion character.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny the same.   Defendants deny that there is or has been access or exposure to the Kingfish character.   Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 80, and therefore deny the same.

81.     Answering Paragraph 81, the DreamWorks Defendants and PDI admit that Mr. Heinzen performed work relating to the Minion character.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny the same.   Defendants deny all remaining allegations of Paragraph 81 and specifically deny that the designs for the Minion character are in any way the same as or substantially similar to the designs for Kingfish.

82.     Answering Paragraph 82, the DreamWorks Defendants and PDI admit that Mr. Bialk worked on certain early sketches of the Minion character, but

deny that Mr. Bialk's official credit is that of "character designer."   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny the same.   Defendants deny that there is or has been access or exposure to the Kingfish character.   Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 82, and therefore deny the same.

83.    Answering Paragraph 83, the DreamWorks Defendants and PDI deny that Mr. Reccardi worked on development of the Minion character, and deny that Mr. Reccardi's official credit is that of "character designer."   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny the same.   Defendants deny that there is or has been access or exposure to the Kingfish character.   Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 83, and therefore deny the same.

84.    Answering Paragraph 84, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

85.    Answering Paragraph 85, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

86.     Answering Paragraph 86, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore deny the same.

87.     Answering Paragraph 87, Defendants deny the allegations.

88.     Answering Paragraph 88, Defendants deny the allegations.

89.     Answering Paragraph 89, Defendants deny the allegations.

90.     Answering Paragraph 90, Defendants deny the allegations.

91.     Answering Paragraph 91, Defendants deny the allegations.

92.     Answering Paragraph 92, Defendants deny the allegations.

93.     Answering Paragraph 93, Defendants deny the allegations.

94.     Answering Paragraph 94, Defendants deny the allegations.

95.     Answering Paragraph 95, the DreamWorks Defendants and PDI admit that the first draft of the story was written in 2003, and that the film was planned as a live action film entitled *Master Mind*.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny the same.

96.     Answering Paragraph 96, the DreamWorks Defendants and PDI admit that in the original script, the lead villain had three sidekicks, dressed like Albert Einstein, Leonardo da Vinci, and Plato.   The remaining Defendants lack

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL

knowledge or information sufficient to form a belief as to the truth of such

allegations, and therefore deny the same.

97.     Answering Paragraph 97, Defendants admit that according to

the *Megamind* DVD commentary, producer Lara Breay suggested converting the

live action script into an animated film in approximately 2006 or 2007.

Defendants further admit that according to the *Megamind* DVD commentary, in

approximately 2006 or 2007 the characters Albert Einstein, Leonardo da Vinci, and

Plato were eliminated, and the character Minion was introduced.   Defendants deny

any remaining allegations in this paragraph.

98.     Answering Paragraph 98, the DreamWorks Defendants and PDI

admit that pre-existing sources owned by DreamWorks Animation were consulted

during the design of Minion.   The remaining Defendants lack knowledge or

information sufficient to form a belief as to the truth of such allegations, and

therefore deny the same.   Defendants deny all remaining allegations in this

paragraph.

99.     Answering Paragraph 99, the DreamWorks Defendants and PDI

admit that Andy Bialk has stated he "referenced Jack Kirby" in "some of [his]

designs,"   http://andybialk.blogspot.com (November 5, 2010), and that according

to *The Art of Megamind*, an early conception of Minion had the character, "like

Jack Kirby's character Metron, floating in a superpowered chair," and that another

conception "modeled [Minion] on the encapsulated cyborg Modok."   Richard Von

Busack, THE ART OF MEGAMIND: BAD. BRILLIANT. BLUE. at 45 (Insight Editions,

2010).   The remaining Defendants lack knowledge or information sufficient to

form a belief as to the truth of such allegations, and therefore deny the same.

Defendants deny that any Minion sketch, design or other work copied the works of

others.   Defendants deny any other allegations in this paragraph.

      100.   Answering Paragraph 100, the DreamWorks Defendants and

PDI admit that according to *The Art of Megamind*, the image depicted on the left

appears to be a "Minion exploration" sketch credited to Andy Bialk.   The

remaining Defendants lack knowledge or information sufficient to form a belief as

to the truth of such allegations, and therefore deny the same.   Defendants state that

they lack knowledge or information regarding the accuracy of the image depicted

on the right.   Defendants deny that any sketch, design or other work was copied

from other sources.

      101.   Answering Paragraph 101, Defendants deny the allegations.

Defendants also state that they lack knowledge or information regarding the

authenticity of the photographs depicted in this paragraph, and therefore deny any

allegations regarding the same.

      102.   Answering Paragraph 102, Defendants deny the allegations.

103.   Answering Paragraph 103, Defendants admit that during the filmmakers' commentary, the following dialogue takes place:

> DIRECTOR TOM MCGRATH: You know, it's great – again, David Cross is such a charming gorilla-fish-piranha head.   He was fantastic.   Originally, in the original script, it was three guys.   It was Galileo, Plato, and someone else, right?
>
> OTHERS: And Van Gogh, right.
>
> MCGRATH: His henchmen.   Which would be three different voices and three different characters.   So it was great to find that voice in one character, Minion, and just being an animated movie, I remember Lara was flipping through some old designs of different villains, I think, and – and had found the gorilla-fish head.
>
> OTHERS: Right.
>
> MCGRATH: And we both agreed it would be fun for animation, and fun for 3D, too.   And it just kind of worked into Minion being his – given to him on his home planet to take care of him, you know.

Defendants deny any other allegations in this paragraph.

104.   Answering Paragraph 104, the DreamWorks Defendants and PDI admit that the three "sidekicks" in the original *Master Mind* screenplay were dressed as Einstein, da Vinci, and Plato.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny the same.

105.   Answering Paragraph 105, Defendants state that they lack knowledge or information regarding the authenticity of the photograph depicted in this paragraph, and therefore deny the allegations of the same.

106.   Answering Paragraph 106, Defendants admit that the conscious part of the Minion character is a fish-like creature from an alien planet, and deny any remaining allegations in this paragraph.

107.   Answering Paragraph 107, Defendants admit that the fish-like creature that is the Minion character eventually sits on, and controls, a part-gorilla, part-robot body, and deny any remaining allegations in this paragraph.

108.   Answering Paragraph 108, Defendants admit that a part-gorilla, part-robot body is eventually part of the Minion character, and deny any remaining allegations in this paragraph.

109.   Answering Paragraph 109, Defendants admit that the Minion character eventually consists, in part, of a fish bowl-like head with a conscious fish-like creature, and deny any remaining allegations of this paragraph.

110.   Answering Paragraph 110, Defendants admit that the Minion character's eventual part-gorilla, part-robot body has both metal and non-metal components.   The remaining statements in this paragraph consist of characterizations as to which no response is required; to the extent a response is required, Defendants deny the remaining allegations of this paragraph.

111.   Answering Paragraph 111, Defendants admit that the words of the Minion character come from the alien fish-like creature, and deny any remaining allegations of this paragraph.

112.   Answering Paragraph 112, Defendants admit that the alien fish-like creature has sharp teeth that sometimes are visible.   The remaining statements in this paragraph consist of characterizations as to which no response is required; to the extent a response is required, Defendants deny the remaining allegations of this paragraph.

113.   Answering Paragraph 113, Defendants admit that the alien fish-like creature in the Minion character swims in the fish bowl-like head and is not otherwise physically connected to the remainder of the character, and deny any remaining allegations of this paragraph.

114.   Answering Paragraph 114, Defendants deny that Minion's words come exclusively through a speaker at the base of the fish bowl-like head.

115.   Answering Paragraph 115, Defendants state that Minion is one of a number of characters in the film *Megamind*, and further state that characters other than Minion are of more primary significance to the film than the Minion character.

116.   Answering Paragraph 116, Defendants admit that the Minion character appears on the DVD "Mega Features" menu screen.   Defendants deny

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL

that the allegedly infringing version of Minion, with a fish bowl-like head on a part-gorilla, part-robot body, appears on the majority of the movie posters, or the DVD cover.

117.   Answering Paragraph 117, Defendants deny the allegations in this paragraph.

118.   Answering Paragraph 118, the DreamWorks Defendants and Paramount admit that *Megamind* was released in the United States on November 5, 2010; that it played on approximately 3944 screens during its opening weekend; that the film's opening weekend domestic box office revenue was $46,016,833; that the film's total domestic box office revenue was more than $148,415,853; that the film's total international box office revenue was more than $173 million; and that the film's total worldwide box office revenue was more than $321 million. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   Defendants deny any remaining allegations in this paragraph.

119.   Answering Paragraph 119, the DreamWorks Defendants and Paramount admit that *Megamind* was released on DVD on February 25, 2011; that the total DVD sales revenue was more than $42 million; and that more than 3 million copies of the DVD have been sold in the United States.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in this paragraph, and therefore deny the same.

Defendants deny the remaining allegations in this paragraph.

120.    Answering Paragraph 120, the DreamWorks Defendants and PDI admit that DreamWorks Animation LLC produced the film *Megamind*, and that the Minion character appears in the film.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   Defendants deny that the Minion character infringes any of Plaintiffs' copyrights or other rights.   Defendants deny any other allegations in this paragraph.

121.    Answering Paragraph 121, Cinemark, Carmike, Hollywood Theaters, Premiere, Rave, and Starplex admit that Cinemark USA, Inc., Carmike Cinemas, Inc., Hollywood Theaters, Inc, Premiere Cinema Corporation, Rave Cinemas, LLC, and Starplex Master Holdings, Inc. displayed *Megamind* and the Minion character featured in *Megamind*.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   Defendants deny that the Minion character infringes any of Plaintiffs' copyrights or other rights and deny any other allegations in this paragraph.

122.    Answering Paragraph 122, the DreamWorks Defendants, Toys"R"Us, Penguin, Ape, and Aquawood admit that non-movie products that

depict the Minion character have been sold.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   Defendants deny that the Minion character infringes any of Plaintiffs' copyrights or other rights, and deny any remaining allegations of this paragraph.

123.   Answering Paragraph 123, the DreamWorks Defendants and Hastings admit that Hastings Entertainment, Inc., sold video games and books that depict the Minion character.   Defendants deny that the Minion character infringes any of Plaintiffs' copyrights or other rights.   Toys"R"Us, Gamestop, and Hastings deny all other allegations in this paragraph.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.

124.   Answering Paragraph 124, the DreamWorks Defendants and Aquawood admit that Aquawood LLC has manufactured and sold toy figures that depict the Minion character.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny the same.   Defendants deny that the Minion character infringes any of Plaintiffs' copyrights, and any other allegations in this paragraph.

125.   Answering Paragraph 125, the DreamWorks Defendants, Penguin, and Ape admit that Penguin Group (USA) Inc. has published novels that

depict the Minion character, and that Ape Entertainment, LLC has published comic books that depict the Minion character.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny the same.   Defendants deny that the Minion character infringes any of Plaintiffs' copyrights, and any other allegations in this paragraph.

126.   Answering Paragraph 126, Defendants admit that the US Copyright Office web catalog reports several copyright claims over works related to *Megamind*.   Defendants admit that the earliest date of creation listed on the US Copyright Office web catalog for any work related to *Megamind* is April 27, 2009. Defendants deny any remaining allegations in this paragraph.

127.   Answering Paragraph 127, the DreamWorks Defendants admit that DreamWorks Animation, LLC pre-registered the film *Megamind* for copyright protection on January 25, 2010; that the pre-registration bears the pre-registration number PRE000003041; and that the pre-registration states that creation of the work began on April 27, 2009.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny the same.   Defendants deny any remaining allegations in this paragraph.

128.   Answering Paragraph 128, the DreamWorks Defendants admit that DreamWorks Animation, LLC obtained copyright registration for the film *Megamind* on November 5, 2010.   The DreamWorks Defendants admit that the copyright registration bears the registration number PA0001712379, and states that the work was created in 2010.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny the same.   Defendants deny any remaining allegations in this paragraph.

129.   Answering Paragraph 129, the DreamWorks Defendants and Penguin admit that DreamWorks Animation, LLC obtained copyright registration for the book *Megamind Mad Libs* on November 19, 2010; that Penguin Group (USA), Inc. is listed as an employer for hire on the copyright registration; that the copyright registration lists 2010 as the date of creation; and that the copyright registration bears the registration number TX0007288643.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny the same.   Defendants deny any remaining allegations in this paragraph.

130.   Answering Paragraph 130, the DreamWorks Defendants and Penguin admit that DreamWorks Animation, LLC obtained copyright registration for *Megamind: Make Your Own Comic Sticker Book* on November 19, 2010; that

Penguin Group (USA), Inc. is listed as an employer for hire on the copyright

registration; that the copyright registration states the work was created in 2010;

that the copyright registration bears the registration number TX0007293289; and

that the copyright registration lists "characters of the animated film MEGAMIND;

art taken from the film" as pre-existing material.   The remaining Defendants lack

knowledge or information sufficient to form a belief as to the truth of such

allegations, and therefore deny the same.   Defendants deny any other allegations

in this paragraph.

131.   Answering Paragraph 131, the DreamWorks Defendants and

Penguin admit that DreamWorks Animation, LLC obtained copyright registration

for *Megamind: The Novel* on November 19, 2010; that Penguin Group (USA), Inc.

is listed as an employer for hire on the copyright registration; that the copyright

registration states that the work was created in 2010; that the copyright registration

bears the registration number TX0007291312; and that the copyright registration

lists "the animated film MEGAMIND" as pre existing material.   The remaining

Defendants lack knowledge or information sufficient to form a belief as to the truth

of such allegations, and therefore deny the same.   Defendants deny any remaining

allegations in this paragraph.

132.   Answering Paragraph 132, the DreamWorks Defendants and

Penguin admit that DreamWorks Animation, LLC obtained copyright registration

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT; AND DEMAND FOR JURY
TRIAL

01.23501/4204775.5

for *Megamind: Victory at Last* on November 19, 2010; that Penguin Group (USA),

Inc. is listed as an employer for hire on the copyright registration; that the

copyright registration states that the work was created in 2010; that the copyright

registration bears the registration number TX0007291296; and that the copyright

registration lists "the animated film MEGAMIND" as pre existing material.   The

remaining Defendants lack knowledge or information sufficient to form a belief as

to the truth of such allegations, and therefore deny the same.   Defendants deny any

remaining allegations in this paragraph.

      133.   Answering Paragraph 133, the DreamWorks Defendants and

Penguin admit that DreamWorks Animation, LLC obtained copyright registration

for *I Am Megamind* on November 19, 2010; that Penguin Group (USA), Inc. is

listed as an employer for hire on the copyright registration; that the copyright

registration states the work was created in 2010; that the copyright registration

bears the registration number TX0007291318; and that it lists "the characters of

the animated film MEGAMIND" as pre existing material.   The remaining

Defendants lack knowledge or information sufficient to form a belief as to the truth

of such allegations, and therefore deny the same.   Defendants deny any remaining

allegations in this paragraph.

      134.   Answering Paragraph 134, the DreamWorks Defendants admit

that DreamWorks Animation, LLC obtained copyright registration for

*DreamWorks Megamind: Bad. Blue. Brilliant* on June 15, 2010; that the copyright registration bears the registration number TXu001662681; and that the copyright registration states the work was created in 2010.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny the same.   Defendants deny any remaining allegations in this paragraph.

135.   Answering Paragraph 135, Defendants deny the allegations of this paragraph.

136.   Answering Paragraph 136, Defendants admit that the Minion character incorporates a conscious alien fish-like creature.   Defendants admit that the Kingfish character appears to incorporate a different version of a fish. Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph, and therefore deny the same.

137.   Answering Paragraph 137, Defendants admit that the Minion character incorporates a conscious alien fish-like creature which eventually controls a part-gorilla, part-robot body.   Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph, and therefore deny the same.

138.   Answering Paragraph 138, Defendants state that this paragraph includes characterizations which are not factual averments that require a response;

to the extent a response is required, Defendants deny the characterizations. Defendants admit that the Minion character incorporates a conscious alien fish-like creature which eventually controls a part-gorilla, part-robot body, and deny that the character incorporates a "humanoid" robot body as Defendants understand that term.   Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph, and therefore deny the same. Defendants lack knowledge or information regarding the authenticity of the photographs depicted in this paragraph, and therefore deny any allegations regarding the same.

139.   Answering Paragraph 139, Defendants state that this paragraph includes characterizations which are not factual averments that require a response; to the extent a response is required, Defendants deny the characterizations. Defendant admit that the Minion character incorporates a conscious alien fish-like creature which eventually controls a part-gorilla, part-robot body, portions of which appear muscular.   Defendants deny the remaining allegations regarding the Minion character, and lack knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph, and therefore deny the same.

140.   Answering Paragraph 140, Defendants state that this paragraph includes characterizations which are not factual averments that require a response; to the extent a response is required, Defendants deny the characterizations.

Defendants admit that the Minion character incorporates a conscious alien fish-like creature which eventually controls a part-gorilla, part-robot body.   Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph, and therefore deny the same.

141.   Answering Paragraph 141, Defendants state that Plaintiffs' allegations are vague.   Defendants deny the allegations regarding Minion as Defendants understand them, and state that the eventual torso of the Minion character consists primarily of gorilla hair.   Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph, and therefore deny the same.

142.   Answering Paragraph 142, Defendants state that Plaintiffs' allegations are vague.   Defendants deny the allegations regarding Minion as Defendants understand them and specifically deny that the Minion character uses the "same" shaped shoulder plates as the Kingfish character.   Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph, and therefore deny the same.

143.   Answering Paragraph 143, Defendants state that Plaintiffs' allegations are vague.   Defendants deny the allegations regarding Minion as Defendants understand them and specifically deny that the Minion character uses the "same" shape fish bowl as the Kingfish character.   Defendants lack knowledge

or information sufficient to form a belief as to the remainder of the allegations in this paragraph, and therefore deny the same.   Defendants also state that they lack knowledge or information regarding the authenticity of the photographs depicted in this paragraph, and therefore deny any allegations regarding the same.

144.   Answering Paragraph 144, Defendants admit that the alien fish-like creature in the Minion character swims in a fish bowl-like head and is not otherwise physically connected to the rest of the character.   Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph, and therefore deny the same.

145.   Answering Paragraph 145, Defendants deny the allegations. Defendants state that they lack knowledge or information regarding the authenticity of the photographs depicted in this paragraph, and therefore deny any allegations regarding the same.

146.   Answering Paragraph 146, Defendants admit that the bowl around the alien fish-like creature in the Minion character eventually forms part of the character's head.   Defendants admit that the Kingfish character appears to consist, only in part and in certain depictions of it, of a body with metal sheathing and a head that consists in part of a fish swimming in a fish bowl with a crown on its top.   Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph, and therefore deny the same.

147.   Answering Paragraph 147, Defendants admit that the alien fish-like creature in the Minion character makes facial expressions.   Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph, and therefore deny the same.

148.   Answering Paragraph 148, Defendants admit that the alien fish-like creature in the Minion character has fins that have a certain appearance. Defendants admit that the fish in the Kingfish character appears to have fins with a different appearance.   Defendants deny the remaining allegations in this paragraph.

149.   Answering Paragraph 149, Defendants admit that the alien fish-like creature in the Minion character has sharp teeth that sometimes are visible. Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph, and therefore deny the same. Defendants also state that they lack knowledge or information regarding the authenticity of the photographs depicted in this paragraph, and therefore deny any allegations regarding the same.

150.   Answering Paragraph 150, Defendants deny that the size of the fish-like creatures in relation to the fish bowl is the same in the Minion and Kingfish characters.   Defendants deny any remaining allegations of this paragraph.

151.   Answering Paragraph 151, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Kingfish character.   Defendants state that Plaintiffs' depiction of the early Minion drawing in Paragraph 151 is incomplete and improper because it omits attributes of the Minion character and describes other attributes in misleading terms.   Defendants admit that an early sketch of Minion in a diaper and a gorilla-only body also appears to depict a hose attached to the fish bowl.   Richard Von Busack, THE ART OF MEGAMIND: BAD. BRILLIANT. BLUE. at 45 (Insight Editions, 2010).   Defendants deny that any depictions of Minion included the same or similar hoses, in terms of either appearance or location, as the hoses in the Kingfish character, and deny any remaining allegations in this paragraph. Defendants also state that they lack knowledge or information regarding the authenticity of the photographs depicted in this paragraph, and therefore deny any allegations regarding the same.

152.   Answering Paragraph 152, Defendants admit that the Minion character eventually has a fish bowl-like head that attaches to a part-robot, part-gorilla body with a bezel-like device.   Defendants admit that the Kingfish character appears to attach a fish bowl to a body with metal sheathing with a different type of bezel.   Defendants deny the characterizations in this paragraph and deny any remaining allegations in this paragraph.

153.   Answering Paragraph 153, Defendants deny that the Minion character speaks exclusively through a speaker at the bottom of the fish bowl-like head.   Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph, and therefore deny the same.

154.   Answering Paragraph 154, Defendants admit that the bezel-like device on the Minion character has bolts.   Defendants admit that the different looking bezel-like device on the Kingfish character appears to have bolts of a different appearance.   Defendants deny any remaining allegations of this paragraph.   Defendants also state that they lack knowledge or information regarding the authenticity of the photographs depicted in this paragraph, and therefore deny any allegations regarding the same.

155.   Answering Paragraph 155, Defendants admit that the eventual part-gorilla, part-robot body of the Minion character has arms that have segments. Defendants admit that the body of the Kingfish character appears to have arms that have segments.   Defendants deny the characterizations of this paragraph and deny any remaining allegations in this paragraph.

156.   Answering Paragraph 156, Defendants admit that the eventual part-gorilla, part-robot body of the Minion character has robotic hands and circular cuffs.   Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph, and therefore deny the same.

157.   Answering Paragraph 157, Defendants admit that the eventual part-gorilla, part-robot body of the Minion character has robotic hands and does not have visibly robotic arms.   Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph, and therefore deny the same.

158.   Answering Paragraph 158, Defendants deny the allegations.

159.   Answering Paragraph 159, Defendants deny the allegations.

160.   Answering Paragraph 160, Defendants admit that the Minion character uses guns at some times.   Defendants admit that the Kingfish character appears to use different types of guns.   Defendants deny that Minion or the Minion drawings copy Kingfish or the Kingfish drawings in any way.

161.   Answering Paragraph 161, Defendants deny that "Kingfish and Minion nearly die in identical situations involving the glass fishbowl breaking and water leaking out of the fishbowl."   Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding Kingfish in this paragraph, and therefore deny the same.    Defendants deny the allegations regarding copying, and any remaining allegations in this paragraph.

162.   Answering Paragraph 162, Defendants deny the allegations.

163.   Answering Paragraph 163, Defendants deny the allegations.

164.   Answering Paragraph 164, Defendants deny that Plaintiffs have any valid cause of action against the Defendants.

165.   Answering Paragraph 165, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations of this paragraph.

166.   Answering Paragraph 166, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations of this paragraph.

167.   Answering Paragraph 167, Defendants deny the allegations of this paragraph.

168.   Answering Paragraph 168, Defendants deny the allegations of this paragraph.

169.   Answering Paragraph 169, Defendants deny the allegations of this paragraph.

170.   Answering Paragraph 170, the DreamWorks Defendants, Red Hour, PDI, and Paramount admit that the DreamWorks Defendants, Red Hour, PDI, and/or Paramount secured financing for, produced, distributed, and/or advertised the *Megamind* film; that the film was distributed internationally; and that products related to the film have been developed.   Penguin, Ape, Toys"R"Us, Hastings, Gamestop, and Aquawood admit that products related to the film have

been developed, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore deny the same.   The remaining defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore deny the same.   Defendants deny that they have infringed any rights belonging to the Plaintiffs, and deny any remaining allegations of this paragraph.

171.   Answering Paragraph 171, Defendants deny the allegations.

172.   Answering Paragraph 172, Defendants deny the allegations.

173.   Answering Paragraph 173, Defendants deny the allegations, and state that the Plaintiffs are not entitled to any relief on any claims.

174.   Answering Paragraph 174, Defendants deny the allegations, and state that the Plaintiffs are not entitled to any relief on any claims.

175.   Answering Paragraph 175, Defendants deny the allegations, and state that the Plaintiffs are not entitled to any relief on any claims.

176.   Answering Paragraph 176, Defendants deny the allegations, and state that the Plaintiffs are not entitled to any relief on any claims.

177.   Answering Paragraph 177, Defendants deny the allegations, and state that the Plaintiffs are not entitled to any relief on any claims.

## General Denial

Unless specifically admitted herein, Defendants deny the truth of each and every allegation set forth in Plaintiff's complaint and specifically deny that Plaintiffs are entitled to any relief against them.

## Affirmative Defenses

By alleging the affirmative defenses set forth below, Defendants do not agree or concede that they bear the burden of proof or the burden of persuasion on any of these issues, in all or in part.

## FIRST AFFIRMATIVE DEFENSE

Defendants' complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have no valid, enforceable or protectable rights or interests in the claimed copyrights.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, including without limitation, Plaintiffs' claims based upon extra-territorial acts, are barred in whole or in part by lack of subject matter jurisdiction.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by virtue of the independent creation of the characters, works, and other matters asserted in the Complaint by the Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by Plaintiffs' unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendants' duplication, reproduction, adaptation, distribution, performance, display, or other use of Plaintiffs' claimed works or rights, if any, was a fair use.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel and acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations and the doctrine of latches.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by Defendants' rights of free speech, including, without limitation, under the First Amendment of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by their lack of standing.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the failure to properly incorporate or otherwise create the claimed entity Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by their failure to mitigate their damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' request for damages and/or profits under the Copyright Act fails because any profits derived from the sale or licensing of the allegedly infringing works are not attributable to any claimed infringement.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and requested relief are barred in whole or in part because all of Defendants' actions were at all times in good faith.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of merger, *scenes a faire*, and other principles demonstrating that plaintiffs' claimed copyrighted works are unprotectable or entitled to limited protection, and because plaintiffs' claimed works are not original, in whole or in part.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because of plaintiff's lack of valid copyright ownership over the claimed works.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' request for attorneys' fees fails due to Plaintiffs' failure to timely register their claimed copyrights under 17 U.S.C. Section 412.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendants' duplication, reproduction, adaptation, distribution, performance, display, or other use of Plaintiffs' claimed works or rights, if any, was *de minimis*.

## ADDITIONAL DEFENSES

Defendants have insufficient knowledge or information upon which to form a belief as to whether additional defenses are available.   Defendants reserve the right to amend this answer to add, delete or modify additional defenses based on legal theories which may or will be divulged through clarification of the

Complaint, through discovery, through change or clarification of the governing law or through further legal analysis of Plaintiffs' position in this litigation.

## **PRAYER FOR RELIEF**

THEREFORE, Defendants pray for relief as follows:

1.      That the Complaint be dismissed with prejudice;

2.      That Plaintiffs take nothing by reason of the Complaint against Defendants and that judgment be entered in Defendants' favor;

3.      That Defendants recover their full costs and attorneys' fees, including pursuant to 17 U.S.C. § 505; and

4.      That this Court award such other further relief as it deems just and proper.

DATED: August 30, 2011               Respectfully submitted,

By_____*/s/ Bruce Van Dalsem*_____
        Bruce Van Dalsem
        brucevandalsem@quinnemanuel.com
        **QUINN EMANUEL URQUHART &**
        **SULLIVAN LLP**
        865 S. Figueroa St., 10th Floor
        Los Angeles, CA 90017
        Office: 213-443-3000
        Fax: 213-443-3100

        Michael E. Jones
        State Bar No. 10929400
        mikejones@potterminton.com
        **POTTER MINTON**
        A Professional Corporation
        110 N. College, Suite 500

Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Attorneys for Defendants DREAMWORKS
ANIMATION SKG, Inc.,
DREAMWORKS ANIMATION, LLC;
DREAMWORKS, INC.; PARAMOUNT
PICTURES CORPORATION (erroneously
sued as PARAMOUNT PICTURES
CORP.).; PACIFIC DATA IMAGES, INC.;
RED HOUR FILMS, INC.; CINEMARK
USA, INC.; CARMIKE CINEMAS, INC.;
HOLLYWOOD THEATERS, INC.;
PREMIERE CINEMA CORPORATION;
RAVE CINEMAS, LLC; STARPLEX
MASTER HOLDINGS, INC.;   TOYS "R"
US INC.; TOYSRUS.COM, INC.;
TOYSRUS.COM, LLC; GAMESTOP
CORP.; HASTINGS ENTERTAINMENT,
INC.; PENGUIN GROUP (USA), INC.;
APE ENTERTAINMENT, LLC; and
AQUAWOOD LLC

## DEMAND FOR A JURY TRIAL

Defendants hereby demand a trial by jury on all claims so triable.

DATED: August 30, 2011

By      */s/ Bruce Van Dalsem*

Bruce Van Dalsem
brucevandalsem@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN LLP**
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Office: 213-443-3000
Fax: 213-443-3100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Attorneys for Defendants DREAMWORKS
ANIMATION SKG, Inc.,
DREAMWORKS ANIMATION, LLC;
DREAMWORKS, INC.; PARAMOUNT
PICTURES CORPORATION (erroneously
sued as PARAMOUNT PICTURES
CORP.).; PACIFIC DATA IMAGES, INC.;
RED HOUR FILMS, INC.; CINEMARK
USA, INC.; CARMIKE CINEMAS, INC.;
HOLLYWOOD THEATERS, INC.;
PREMIERE CINEMA CORPORATION;
RAVE CINEMAS, LLC; STARPLEX
MASTER HOLDINGS, INC.; TOYS "R"
US INC.; TOYSRUS.COM, INC.;

TOYSRUS.COM, LLC;
GAMESTOP CORP.; HASTINGS
ENTERTAINMENT, INC.; PENGUIN
GROUP (USA), INC.; APE
ENTERTAINMENT, LLC; and
AQUAWOOD LLC

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT; AND DEMAND FOR JURY
TRIAL

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).   As such, this notice was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).   Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 30th day of August, 2011.

By  */s/Bruce Van Dalsem*